UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VICTORIA DOMENICHETTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:12-cv-11311-IT |
| | * | |
| PREMIER EDUCATION GROUP, LP | * | |
| d/b/a THE SALTER SCHOOL, LLC, and | * | |
| DAVID PALMER, | * | |
| | * | |
| Defendants. | * | |

ORDER

January 6, 2015

TALWANI, D.J.

Pending before the court is Defendants' Motion to Enforce the Court's Discovery Order and for Sanctions [#107], in which Defendants argue that Plaintiff's counsel violated this court's October 28, 2013 Protective Order by utilizing information contained in certain e-mails produced by Defendants and marked confidential pursuant to the Protective Order in filing a class-action lawsuit against Defendant Premier and others in the United States District Court, District of Massachusetts, Springfield. Plaintiff's counsel, Chip Muller, opposes the motion on the ground that the information contained in the class-action complaint was disclosed in multiple depositions, which Defendants did not designate confidential under the Protective Order. Attorney Muller argues, moreover, that the information contained in the class-action complaint is public in nature in light of the court's Order of July 29, 2014, unsealing Plaintiff's Opposition to Defendants' motion for summary judgment, which included as an exhibit the e-mail exchange

presently at issue. Attorney Muller also argues that the e-mails had never constituted confidential information, and that Defendants designation was, therefore, improper ab initio.

As an initial matter, there is no dispute that the e-mail exchange at issue was designated confidential upon production by Defendants. Pursuant to the Protective Order, therefore, Attorney Muller had a duty to disclose such information only as permitted by the Order, regardless of whether such documents were appropriately marked confidential by Defendants upon production. If such documents were improperly designated as confidential upon production, the appropriate course would have been to seek an order from the court that the e-mails at issue were improperly marked confidential, and, therefore, not subject to protection—a process specifically agreed to by the parties in the Protective Order. See Mem. Law Supp. Defs.' Mot. Enforce Cts. Disc. Order & Sanctions, Ex. A, § 2 [#108]. Thus, Attorney Muller's argument that Defendant's designation of the documents as confidential was improper ab initio does not alleviate him from compliance with the terms of the Protective Order. Moreover, because the class-action complaint was filed before the court's order of July 29, 2014, any argument that the order therefore justified prior disclosure of information previously designated confidential must fail.

The e-mails at issue were, nevertheless, discussed in detail in the depositions of Paul Ferrise and William Anjos. See Opp'n Defs.' Mot. Enforce Cts. Disc. Order & Sanctions, Exs. 2, 3 [#110]. Although the Protective Order allows a party, in the case of a deposition transcript, to "designat[e] . . . all or any portion of any transcript" confidential by "designating such portion" confidential, Defendants failed to designate the transcripts as confidential. See Mem. Law Supp. Defs.' Mot. Enforce Cts. Disc. Order & Sanctions, Ex. A, § 1(e). In light of this failure, and because the extent to which the information was discussed in the depositions

suggests that such failure did not constitute an inadvertent error on behalf of Defendants, the court DENIES Defendants' motion.

IT IS SO ORDERED.

Date:   January 6, 2015                                             /s/ Indira Talwani
                                                                    United States District Judge